United States District Court
Southern District of Texas
**ENTERED**
June 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARITA ZAMORA-CUIDAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-16-1617 |
| v. | § | (Criminal No. H-14-284) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

On May 12, 2016, defendant, Margarita Zamora-Cuidas, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Civil Action No. H-16-1367) (Docket Entry No. 39).[1] On May 27, 2016, the court entered a Memorandum Opinion and Order (Docket Entry No. 42) dismissing the § 2255 Motion and entered a Final Judgment (Docket Entry No. 43) dismissing Civil Action No. H-16-1367.

On June 7, 2016, Zamora-Cuidas filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 45).

The court has carefully reviewed Zamora-Cuidas's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to her motion is not required.

---

[1]All docket entry references are to Criminal No. H-14-284.

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. Because Zamora-Cuidas's second § 2255 motion is successive and Zamora-Cuidas has not obtained authorization from the United States Court of Appeals for this court to consider it, the court will dismiss the motion as successive.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum of Dismissal to Margarita Zamora-Cuidas and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum of Dismissal in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2016.

```
                              SIM LAKE
                   UNITED STATES DISTRICT JUDGE
```